# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Cedar Lane Technologies Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**Teledyne Digital Imaging US, Inc.,**<br><br>Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cedar Lane Technologies Inc. ("Cedar Lane"), through its attorneys, complains of Teledyne Digital Imaging US, Inc. ("Teledyne"), and alleges the following:

### PARTIES

1. Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

2. Defendant Teledyne Digital Imaging US, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 700 Technology Park Drive, Billerica, MA, 01821.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**VENUE**

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Cedar Lane has suffered harm in this district.

**PATENTS-IN-SUIT**

7. Cedar Lane is the assignee of all right, title and interest in United States Patent Nos. 6,473,527 (the "'527 Patent"); 6,972,790 (the "'790 Patent"); 8,537,242 (the "'242 Patent"); 7,292,261 (the "'261 Patent"); 8,031,223 (the "'223 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Cedar Lane possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

**The '527 Patent**

8. The '527 Patent is entitled "Module and method for interfacing analog/digital converting means and JPEG compression means," and issued 10/29/2002. The application leading to the '527 Patent was filed on 6/1/1999. A true and correct copy of the '527 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '527 Patent is valid and enforceable.

## The '790 Patent

10. The '790 Patent is entitled "Host interface for imaging arrays," and issued 12/6/2005. The application leading to the '790 Patent was filed on 12/21/2000. A true and correct copy of the '790 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '790 Patent is valid and enforceable.

## The '242 Patent

12. The '242 Patent is entitled "Host interface for imaging arrays," and issued 9/17/2013. The application leading to the '242 Patent was filed on 10/27/2005. A true and correct copy of the '242 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13. The '242 Patent is valid and enforceable.

## The '261 Patent

14. The '261 Patent is entitled "Virtual reality camera," and issued 11/6/2007. The application leading to the '261 Patent was filed on 8/20/1999. A true and correct copy of the '261 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

15. The '261 Patent is valid and enforceable.

## The '223 Patent

16. The '223 Patent is entitled "Virtual reality camera," and issued 10/4/2011. The application leading to the '223 Patent was filed on 8/31/2006. A true and correct copy of the '223 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

17. The '223 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '527 PATENT

18. Cedar Lane incorporates the above paragraphs herein by reference.

19. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '527 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Teledyne's Genie TS GigE Vision Camera (the "Exemplary Genie Camera Products") that infringe at least exemplary claims 8 of the '527 Patent (the "Exemplary '527 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '527 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

20. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

21. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '527 Patent. On information and belief, Defendant has also continued to sell the Exemplary Genie Camera Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '527 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '527 Patent.

22. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '527 Patent, literally or by the doctrine of equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '527 Patent.

23.     **Contributory Infringement.**  Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '527 Patent, literally or by the doctrine of equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '527 Patent.

24.     Exhibit 6 includes charts comparing the Exemplary '527 Patent Claims to the Exemplary Genie Camera Products.  As set forth in these charts, the Exemplary Genie Camera Products practice the technology claimed by the '527 Patent.  Accordingly, the Exemplary Genie Camera Products incorporated in these charts satisfy all elements of the Exemplary '527 Patent Claims.

25.     Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

26.     Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '790 PATENT

27.     Cedar Lane incorporates the above paragraphs herein by reference.

28.     **Direct Infringement.**  Defendant has been and continues to directly infringe one or more claims of the '790 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Genie Camera Products that infringe at least exemplary claims 1 of the '790 Patent (the "Exemplary '790 Patent Claims") literally or by the doctrine of equivalence.  On information and belief, numerous other devices that infringe the claims of the '790 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

5

29. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

30. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '790 Patent. On information and belief, Defendant has also continued to sell the Exemplary Genie Camera Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '790 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '790 Patent.

31. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '790 Patent, literally or by the doctrine of equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent.

32. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '790 Patent, literally or by the doctrine of equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent.

33. Exhibit 7 includes charts comparing the Exemplary '790 Patent Claims to the Exemplary Genie Camera Products. As set forth in these charts, the Exemplary Genie Camera Products practice the technology claimed by the '790 Patent. Accordingly, the Exemplary Genie Camera Products incorporated in these charts satisfy all elements of the Exemplary '790 Patent Claims.

34. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 7.

35. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 3: INFRINGEMENT OF THE '242 PATENT

36. Cedar Lane incorporates the above paragraphs herein by reference.

37. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '242 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Genie Camera Products that infringe at least exemplary claims 1 and 8 of the '242 Patent (the "Exemplary '242 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '242 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

38. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

39. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '242 Patent. On information and belief, Defendant has also continued to sell the Exemplary Genie Camera Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '242 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '242 Patent.

40. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '242 Patent, literally or by the doctrine of

equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent.

41. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '242 Patent, literally or by the doctrine of equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent.

42. Exhibit 8 includes charts comparing the Exemplary '242 Patent Claims to the Exemplary Genie Camera Products. As set forth in these charts, the Exemplary Genie Camera Products practice the technology claimed by the '242 Patent. Accordingly, the Exemplary Genie Camera Products incorporated in these charts satisfy all elements of the Exemplary '242 Patent Claims.

43. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

44. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 4: INFRINGEMENT OF THE '261 PATENT

45. Cedar Lane incorporates the above paragraphs herein by reference.

46. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '261 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Teledyne's Xineos X-Ray Image Reconstruction Technology (the "Exemplary Xineos Technology Products") that infringe at least exemplary claims 38 of the '261 Patent (the "Exemplary '261 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the

8

claims of the '261 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

47. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

48. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '261 Patent. On information and belief, Defendant has also continued to sell the Exemplary Xineos Technology Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '261 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '261 Patent.

49. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '261 Patent, literally or by the doctrine of equivalence, by selling Exemplary Xineos Technology Products to their customers for use in end-user products in a manner that infringes one or more claims of the '261 Patent.

50. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '261 Patent, literally or by the doctrine of equivalence, by selling Exemplary Xineos Technology Products to their customers for use in end-user products in a manner that infringes one or more claims of the '261 Patent.

51. Exhibit 9 includes charts comparing the Exemplary '261 Patent Claims to the Exemplary Xineos Technology Products. As set forth in these charts, the Exemplary Xineos Technology Products practice the technology claimed by the '261 Patent. Accordingly, the

Exemplary Xineos Technology Products incorporated in these charts satisfy all elements of the Exemplary '261 Patent Claims.

52. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 9.

53. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 5: INFRINGEMENT OF THE '223 PATENT

54. Cedar Lane incorporates the above paragraphs herein by reference.

55. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '223 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Xineos Technology Products that infringe at least exemplary claims 36 of the '223 Patent (the "Exemplary '223 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '223 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

56. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

57. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '223 Patent. On information and belief, Defendant has also continued to sell the Exemplary Xineos Technology Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '223 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '223 Patent.

58. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '223 Patent, literally or by the doctrine of equivalence, by selling Exemplary Xineos Technology Products to their customers for use in end-user products in a manner that infringes one or more claims of the '223 Patent.

59. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '223 Patent, literally or by the doctrine of equivalence, by selling Exemplary Xineos Technology Products to their customers for use in end-user products in a manner that infringes one or more claims of the '223 Patent.

60. Exhibit 10 includes charts comparing the Exemplary '223 Patent Claims to the Exemplary Xineos Technology Products. As set forth in these charts, the Exemplary Xineos Technology Products practice the technology claimed by the '223 Patent. Accordingly, the Exemplary Xineos Technology Products incorporated in these charts satisfy all elements of the Exemplary '223 Patent Claims.

61. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 10.

62. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

63. Under Rule 38(b) of the Federal Rules of Civil Procedure, Cedar Lane respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Cedar Lane respectfully requests the following relief:

A. A judgment that the '527 Patent is valid and enforceable;

B.  A judgment that the '790 Patent is valid and enforceable;

C.  A judgment that the '242 Patent is valid and enforceable;

D.  A judgment that the '261 Patent is valid and enforceable;

E.  A judgment that the '223 Patent is valid and enforceable;

F.  A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '527 Patent;

G.  A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '790 Patent;

H.  A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '242 Patent;

I.  A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '261 Patent;

J.  A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '223 Patent;

K.  An accounting of all damages not presented at trial;

L.  A judgment that awards Cedar Lane all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Cedar Lane for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Cedar Lane be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that Cedar Lane be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Cedar Lane be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: May 30, 2019

Respectfully submitted,

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com

Isaac Rabicoff
(*Pro Hac Vice* admission pending)
RABICOFF LAW LLC
73 W. Monroe St.
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
***Cedar Lane Technologies Inc.***