# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> TELEDYNE DIGITAL IMAGING US, INC., <br><br> Defendant. | C.A. No. 19-997-CFC <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT TELEDYNE DIGITAL IMAGING US, INC.'S ANSWER AND DEFENSES TO PLAINTIFF CEDAR LANE TECHNOLOGIES INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant, Teledyne Digital Imaging US, Inc. ("Teledyne") provides the following answers to Plaintiff Cedar Lane Technologies Inc. ("Cedar Lane") Complaint for Patent Infringement as follows:

## THE PARTIES

1. Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

**ANSWER**: Teledyne lacks information sufficient to admit or deny these allegations, and therefore denies them.

2. Defendant Teledyne Digital Imaging US, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 700 Technology Park Drive, Billerica, MA, 01821.

**ANSWER**: Admitted.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**ANSWER**: Teledyne admits that the Complaint purports to bring a cause of action for patent infringement and that actions for patent infringement arise under Title 35 of the United States Code. Teledyne denies that it has committed any acts of infringement.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: Admitted.

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**ANSWER**: Teledyne admits that the Court has personal jurisdiction over it, for the purposes of this action, and that Teledyne is incorporated in Delaware. Teledyne denies the remaining allegations of paragraph 5, including any suggestion that it has committed acts of patent infringement in this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Cedar Lane has suffered harm in this district.

**ANSWER**: Teledyne admits that venue is proper in this District, for the purposes of this action. Teledyne denies the remaining allegations of paragraph 6, including any suggestion that it has committed acts of patent infringement in this District.

2

**PATENTS-IN-SUIT**

7. Cedar Lane is the assignee of all right, title and interest in United States Patent Nos. 6,473,527 (the "'527 Patent"); 6,972,790 (the "'790 Patent"); 8,537,242 (the "'242 Patent"); 7,292,261 (the "'261 Patent"); 8,031,223 (the "'223 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Cedar Lane possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

**ANSWER**: Teledyne lacks information sufficient to admit or deny these allegations, and therefore denies them.

**The '527 Patent**

8. The '527 Patent is entitled "Module and method for interfacing analog/digital converting means and JPEG compression means," and issued 10/29/2002. The application leading to the '527 Patent was filed on 6/1/1999. A true and correct copy of the '527 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

**ANSWER**: Teledyne admits that the '527 Patent is entitled "Module and method for interfacing analog/digital converting means and JPEG compression means," and issued on October 29, 2002. Teledyne further admits that the '527 Patent lists a filing date of June 1, 1999 and that a document appearing on its face to be a copy of the '527 Patent was attached to the Complaint as Exhibit 1.

9. The '527 Patent is valid and enforceable.

**ANSWER**: Denied.

**The '790 Patent**

10. The '790 Patent is entitled "Host interface for imaging arrays," and issued 12/6/2005. The application leading to the '790 Patent was filed on 12/21/2000. A true and correct copy of the '790 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

**ANSWER**: Teledyne admits that the '790 Patent is entitled "Host interface for imaging arrays," and issued on December 6, 2005. Teledyne further admits that the '790 Patent lists a

ME1 31026975v.1

filing date of December 21, 2000 and that a document appearing on its face to be a copy of the '790 Patent was attached to the Complaint as Exhibit 2.

11. The '790 Patent is valid and enforceable.

**ANSWER**: Denied

### The '242 Patent

12. The '242 Patent is entitled "Host interface for imaging arrays," and issued 9/17/2013. The application leading to the '242 Patent was filed on 10/27/2005. A true and correct copy of the '242 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

**ANSWER**: Teledyne admits that the '242 Patent is entitled "Host interface for imaging arrays," and issued on September 17, 2013. Teledyne further admits that the '242 Patent lists a filing date of October 27, 2005 and that a document appearing on its face to be a copy of the '242 Patent was attached to the Complaint as Exhibit 3.

13. The '242 Patent is valid and enforceable.

**ANSWER**: Denied.

### The '261 Patent

14. The '261 Patent is entitled "Virtual reality camera," and issued 11/6/2007. The application leading to the '261 Patent was filed on 8/20/1999. A true and correct copy of the '261 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

**ANSWER**: Teledyne admits that the '261 Patent is entitled "Virtual reality camera," and issued on November 6, 2007. Teledyne further admits that the '261 Patent lists a filing date of August 20, 1999 and that a document appearing on its face to be a copy of the '261 Patent was attached to the Complaint as Exhibit 4.

15. The '261 Patent is valid and enforceable.

**ANSWER**: Denied.

### The '223 Patent

16. The '223 Patent is entitled "Virtual reality camera," and issued 10/4/2011. The application leading to the '223 Patent was filed on 8/31/2006. A true and correct copy of the '223 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

**ANSWER:** Teledyne admits that the '223 Patent is entitled "Virtual reality camera," and issued on October 4, 2011. Teledyne further admits that the '223 Patent lists a filing date of August 31, 2006, and that a document appearing on its face to be a copy of the '223 Patent was attached to the Complaint as Exhibit 5.

17. The '223 Patent is valid and enforceable.

**ANSWER**: Denied.

### COUNT I – INFRINGEMENT OF THE '527 PATENT

18. Cedar Lane incorporates the above paragraphs herein by reference.

**ANSWER**: Teledyne restates each of its answers in the above paragraphs of this Answer and incorporates them herein.

19. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '527 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Teledyne's Genie TS GigE Vision Camera (the "Exemplary Genie Camera Products") that infringe at least exemplary claims 8 of the '527 Patent (the "Exemplary '527 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '527 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER**: Teledyne admits that it has sold and offered for sale a product referred to as the Genie TS GigE Vision Camera. Teledyne denies the remaining allegations in paragraph 19.

20. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

**ANSWER**: Denied.

21. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '527 Patent. On information and belief, Defendant has also continued to sell the Exemplary Genie Camera Products and distribute product literature and website materials inducing end users and others to

use its products in the customary and intended manner that infringes the '527 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '527 Patent.

**ANSWER**: Denied.

22.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '527 Patent, literally or by the doctrine of equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '527 Patent.

**ANSWER**: Denied.

23.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '527 Patent, literally or by the doctrine of equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '527 Patent.

**ANSWER**: Denied.

24.     Exhibit 6 includes charts comparing the Exemplary '527 Patent Claims to the Exemplary Genie Camera Products. As set forth in these charts, the Exemplary Genie Camera Products practice the technology claimed by the '527 Patent. Accordingly, the Exemplary Genie Camera Products incorporated in these charts satisfy all elements of the Exemplary '527 Patent Claims.

**ANSWER**: Teledyne admits that Exhibit 6 purports to include a chart referring to claim 8

of the '527 Patent. Teledyne denies the remaining allegations contained in this paragraph and in

Exhibit 6.

25.     Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

**ANSWER**: Teledyne restates each of its answers to Paragraph 24 and incorporates them

herein. Teledyne denies the remaining allegations contained in paragraph 25.

26.     Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER**: Denied.

## COUNT II – INFRINGEMENT OF THE '790 PATENT

27.Cedar Lane incorporates the above paragraphs herein by reference.

**ANSWER**: Teledyne restates each of its answers in the above paragraphs of this Answer and incorporates them herein.

28.**Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '790 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Genie Camera Products that infringe at least exemplary claims 1 of the '790 Patent (the "Exemplary '790 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '790 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER**: Teledyne admits that it has sold and offered for sale a product referred to as the Genie TS GigE Vision Camera. Teledyne denies the remaining allegations in paragraph 28.

29.The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

**ANSWER**: Denied.

30.Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '790 Patent. On information and belief, Defendant has also continued to sell the Exemplary Genie Camera Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '790 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '790 Patent.

**ANSWER**: Denied.

31.**Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '790 Patent, literally or by the doctrine of equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent.

**ANSWER**: Denied.

32. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '790 Patent, literally or by the doctrine of equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent.

**ANSWER**: Denied.

33. Exhibit 7 includes charts comparing the Exemplary '790 Patent Claims to the Exemplary Genie Camera Products. As set forth in these charts, the Exemplary Genie Camera Products practice the technology claimed by the '790 Patent. Accordingly, the Exemplary Genie Camera Products incorporated in these charts satisfy all elements of the Exemplary '790 Patent Claims.

**ANSWER**: Teledyne admits that Exhibit 7 purports to include a chart referring to claim 1 of the '790 Patent. Teledyne denies the remaining allegations contained in this paragraph and in Exhibit 7.

34. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 7.

**ANSWER**: Teledyne restates each of its answers to Paragraph 33 and incorporates them herein. Teledyne denies the remaining allegations in paragraph 34.

35. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER**: Denied.

## COUNT III – INFRINGEMENT OF THE '242 PATENT

36. Cedar Lane incorporates the above paragraphs herein by reference.

**ANSWER**:  Teledyne restates each of its answers in the above paragraphs of this Answer and incorporates them herein.

37. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '242 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Genie Camera Products that infringe at least exemplary claims 1 and 8 of the '242 Patent (the "Exemplary '242 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '242 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER**: Teledyne admits that it has sold and offered for sale a product referred to as the Genie TS GigE Vision Camera. Teledyne denies the remaining allegations of paragraph 37.

38. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

**ANSWER**: Denied.

39. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '242 Patent. On information and belief, Defendant has also continued to sell the Exemplary Genie Camera Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '242 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '242 Patent.

**ANSWER**: Denied.

40. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '242 Patent, literally or by the doctrine of equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent.

**ANSWER**: Denied.

41. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '242 Patent, literally or by the doctrine of equivalence, by selling Exemplary Genie Camera Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent.

**ANSWER**: Denied.

42. Exhibit 8 includes charts comparing the Exemplary '242 Patent Claims to the Exemplary Genie Camera Products. As set forth in these charts, the Exemplary Genie Camera Products practice the technology claimed by the '242 Patent. Accordingly, the Exemplary Genie Camera Products incorporated in these charts satisfy all elements of the Exemplary '242 Patent Claims.

**ANSWER**: Teledyne admits that Exhibit 8 purports to include a chart referring to claims 1 and 8 of the '242 Patent. Teledyne denies the remaining allegations contained in this paragraph and in Exhibit 8.

9

43. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

**ANSWER**: Teledyne restates each of its answers to Paragraph 42 and incorporates them herein. Teledyne denies the remaining allegations contained in paragraph 43.

44. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER**: Denied.

## COUNT IV – INFRINGEMENT OF THE '261 PATENT

45. Cedar Lane incorporates the above paragraphs herein by reference.

**ANSWER**: Teledyne restates each of its answers in the above paragraphs of this Answer and incorporates them herein.

46. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '261 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Teledyne's Xineos X-Ray Image Reconstruction Technology (the "Exemplary Xineos Technology Products") that infringe at least exemplary claims 38 of the '261 Patent (the "Exemplary '261 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '261 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER**: Denied.

47. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

**ANSWER**: Denied.

48. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '261 Patent. On information and belief, Defendant has also continued to sell the Exemplary Xineos Technology Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '261 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '261 Patent.

**ANSWER**: Denied.

49. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '261 Patent, literally or by the doctrine of equivalence, by selling Exemplary Xineos Technology Products to their customers for use in end-user products in a manner that infringes one or more claims of the '261 Patent.

**ANSWER**: Denied.

50. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '261 Patent, literally or by the doctrine of equivalence, by selling Exemplary Xineos Technology Products to their customers for use in end-user products in a manner that infringes one or more claims of the '261 Patent.

**ANSWER**: Denied.

51. Exhibit 9 includes charts comparing the Exemplary '261 Patent Claims to the Exemplary Xineos Technology Products. As set forth in these charts, the Exemplary Xineos Technology Products practice the technology claimed by the '261 Patent. Accordingly, the Exemplary Xineos Technology Products incorporated in these charts satisfy all elements of the Examplary '261 Patent Claims.

**ANSWER**: Teledyne admits that Exhibit 9 purports to include a chart referring to claim

38 of the '261 Patent. Teledyne denies the remaining allegations contained in this paragraph and

in Exhibit 9.

52. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 9.

**ANSWER**: Teledyne restates each of its answers to Paragraph 51 and incorporates them

herein. Teledyne denies the remaining allegations contained in paragraph 52.

53. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER**: Denied.

## COUNT V – INFRINGMENT OF THE '223 PATENT

54. Cedar Lane incorporates the above paragraphs herein by reference.

**ANSWER**: Teledyne restates each of its answers in the above paragraphs of this Answer and incorporates them herein.

55. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '223 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Xineos Technology Products that infringe at least exemplary claims 36 of the '223 Patent (the "Exemplary '223 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '223 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER**: Denied.

56. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

**ANSWER**: Denied.

57. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '223 Patent. On information and belief, Defendant has also continued to sell the Exemplary Xineos Technology Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '223 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '223 Patent.

**ANSWER**: Denied.

58. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '223 Patent, literally or by the doctrine of equivalence, by selling Exemplary Xineos Technology Products to their customers for use in end-user products in a manner that infringes one or more claims of the '223 Patent.

**ANSWER**: Denied.

59. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '223 Patent, literally or by the doctrine of equivalence, by selling Exemplary Xineos Technology Products to their customers for use in end-user products in a manner that infringes one or more claims of the '223 Patent.

**ANSWER**: Denied.

60. Exhibit 10 includes charts comparing the Exemplary '223 Patent Claims to the Exemplary Xineos Technology Products. As set forth in these charts, the Exemplary Xineos Technology Products practice the technology claimed by the '223 Patent. Accordingly, the Exemplary Xineos Technology Products incorporated in these charts satisfy all elements of the Exemplary '223 Patent Claims.

**ANSWER**: Denied.

61. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 10.

**ANSWER**:  Teledyne admits that Exhibit 9 purports to include a chart referring to claim 36 of the '223 Patent. Teledyne denies the remaining allegations contained in this paragraph and in Exhibit 10.

62. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER**: Denied.

## JURY DEMAND

63. Under Rule 38(b) of the Federal Rules of Civil Procedure, Cedar Lane respectfully requests a trial by jury on all issues so triable.

**ANSWER**: Teledyne states that this is a jury demand to which no response is required.

## AFFIRMATIVE DEFENSES

Teledyne asserts the following defenses and reserves the right to further amend its Answer to add additional defenses, including, for instance, inequitable conduct, as additional information becomes available.

### First Defense

Teledyne has not infringed, induced infringement, or contributed to infringement of any of the claims of United States Patents Nos. 6,473,527; 6,972,790; 8,537,242; 7,292,261; 8,031,223 (collectively the "Cedar Lane Patents").

13

### Second Defense

One or more of the claims of the Cedar Lane Patents are invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101. By way of example only, at least asserted claim 38 of the '261 patent and asserted claim 36 of the '223 patents are directed to an abstract idea and recite no inventive concept sufficient to transform that idea into a patent-eligible invention.

### Third Defense

One or more of the claims of the Cedar Lane Patents are invalid for failure to comply with 35 U.S.C. §§ 102 and/or 103. By way of example only, the purported inventions of the '790 and '242 patents were well-known in the prior art as described in printed publications, including "FIFO Architecture, Functions, and Applications," published in November 1999 by Texas Instruments.

### Fourth Defense

One or more of the claims of the Cedar Lane Patents are invalid for failure to comply with 35 U.S.C. § 112. By way of example only, at least claim 1 of the '527 patent recites a "read control means" and a "output control means," but fails to describe structure sufficient to comply with pre-AIA 35 U.S.C. § 112 ¶ 6.

### Fifth Defense

Cedar Lane fails to state a cause of action for patent infringement.

### Sixth Defense

Cedar Lane is barred from recovering damages for any alleged infringement that occurred prior to the filing of the Complaint by 35 U.S.C. § 287.

DATED: July 24, 2019

|  |  |
|---|---|
| OF COUNSEL:<br><br>Brian P. O'Donoghue<br>Doug Winnard<br>GOLDMAN ISMAIL TOMASELLI<br>BRENNAN & BAUM LLP<br>564 W. Randolph St., Ste. 400<br>Chicago, IL 60661<br>(312) 681-6000<br>bodonoghue@goldmanismail.com<br>dwinnard@goldmanismail.com | McCARTER & ENGLISH, LLP<br><br>/s/ *Daniel M. Silver*<br>Daniel M. Silver (#4758)<br>Alexandra M. Joyce (#6423)<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, Delaware 19801<br>(302) 984-6300<br>dsilver@mccarter.com<br>ajoyce@mccarter.com<br><br>*Attorneys for Defendant*<br>*Teledyne Digital Imaging US, Inc.* |